VIRGINIA P. GARNER

v.

E. I. du PONT de NEMOURS AND COMPANY

November 22, 1978.

Record No. 770530.

Present: I'Anson, C.J.; Carrico, Harrison, Cochran, Poff and Compton, JJ.

*John B. Spiers, Jr. (Duane E. Mink; Spiers, Spiers & Mink, on brief), for plaintiff in error.*

*Aubrey R. Bowles, Jr. (Aubrey R. Bowles, III; Bowles and Bowles,* on brief), for defendant in error.

COMPTON, J., delivered the opinion of the Court.

In this appeal, we consider whether a widow is entitled to survivor benefits from the employer of her deceased husband under the terms of a pension and retirement plan established by the employer.

Appellant Virginia P. Garner, the plaintiff below, brought suit in the amount of $10,000 against appellee E. I. du Pont de Nemours and Company alleging that she was entitled to recover under du Pont's Pension and Retirement Plan (Plan) as the result of the death of her husband, Harper D. Garner, a du Pont employee for approximately 30 years. The trial court, sitting without a jury, considered the merits of the case based on testimony *ore tenus*, stipulations of fact and documentary evidence. As a result, the court denied the plaintiff's claim stating that "the decedent intended not to have a beneficiary" and, in the April 1977 order appealed from, entered judgment in favor of du Pont.

The facts are not in conflict. Mr. Garner, born in 1912, commenced his employment with du Pont in 1943 and worked there continuously until his death in November of 1974. The plaintiff married Garner in 1948 and she was still his wife at the time of his death. No minor children survived him.

During the course of his employment, Garner became covered by the Plan, to which the employees of du Pont did not contribute. Prior to April of 1974, the Plan provided under "Section VI. SURVIVOR BENEFITS" in subsection A, entitled "Pre-Retirement Survivor Payments", that monthly payments would be made in the specified amount in the case of a qualified employee who died before retirement. These payments would be made to a survivor or survivors who had been "previously specified" by the employee on forms prescribed by du Pont. The subsection further provided that the specified survivor or survivors could be changed by the employee at any time and it limited the specification to one of three categories: (1) the employee's spouse until death and upon the spouse's death to the employee's specified minor children; (2)

any or all of the employee's minor children; or (3) a parent or stepparent of the employee.

Subsection B of Section VI dealing with "Post-Retirement Survivor Payments" provided for the case of a pensioned employee who died following retirement. That subsection contained provisions identical to the requirements of subsection A for designation of beneficiaries, change of beneficiaries, and categories of survivors.

On December 5, 1966, Mr. Garner executed a printed du Pont form entitled "DESIGNATION OF BENEFICIARY—PRE—& POST RETIREMENT SURVIVOR BENEFITS (SECTION VI A AND B OF THE PENSION AND RETIREMENT PLAN)". The obverse side of the form contained three separate paragraphs from which the employee could select by marking the applicable block:

☐ I hereby specify the person(s) named on the reverse side hereof as survivor(s) to receive survivor benefits as provided in Section VI A and B of the Pension and Retirement Plan following my death. I UNDERSTAND THAT SURVIVOR BENEFITS WILL BE PAID ONLY IF AT TIME OF DEATH I HAVE MET THE REQUIRE-MENTS FOR RETIREMENT WITH PENSION UNDER SECTION IV A 1, 2 OR 4 (AGE OR VOLUNTARY RETIREMENT) OR HAVE RETIRED WITH PENSON UNDER SECTION IV.

☐ This form is a replacement of a previous beneficiary specification form and as such supersedes any previous specification.

☐ I am not specifying a survivor under Section VI A and B of the Pension and Retirement Plan.

The block beside the first paragraph was marked with an "X" on this 1966 designation form. On the reverse side of that form the plaintiff's name was typed under another marked block for "spouse, and minor children if specified." The other unmarked blocks on the reverse side permitted designation of either "speci-fied minor children" or "parent or stepparent".

Effective in April 1974, a proviso, which is central to this dispute, was added to Section VI of the Plan in subsection A following the third category, *supra,* as follows:

provided that if there is no eligible survivor specified at the time of the employee's death, it will be deemed that he has specified his spouse and all minor children under category 1 above.

The record shows that in August of 1974 Garner decided to apply for voluntary retirement, for which he was eligible under the Plan, to be effective December 31, 1974. On August 6, 1974, three months before his death, he executed another printed Designation of Beneficiary form which, in blank, was identical to the form supplied him in 1966. On the 1974 Designation, however, the block opposite the third paragraph "I am not specifying a survivor under Section VI A and B of the Pension and Retirement Plan" was marked with an "X"; the other two blocks were left blank and the second sentence of the first paragraph, *supra*, was marked through. Nothing was written or marked on the reverse side of the 1974 Designation form.

Also executed by Garner on August 6, 1974 was another printed du Pont form headed "APPLICATION FOR ☐ PENSION OR ☐ PRE-RETIREMENT SURVIVOR PAYMENTS". The block before "Pension" was marked with an "X". A portion of that form was entitled "Specified Survivor(s) (Section VI A or B)" followed by "Check one of the following categories:". Below that directive was the following: "☐ Spouse & Minor Children; ☐ Minor Children; ☐ Parent or Stepparent; ☐ None". The square before "None" was marked.

The plaintiff, in her assignment of error, asserts the trial court incorrectly held that she was not entitled to the survivor benefits provided in the Plan. The question actually presented, however, is: Under this Plan and considering these facts, did the court below err in determining that the deceased intended to revoke the 1966 designation and in finding that Garner intended for no one to receive the survivor benefits?

The crux of the plaintiff's argument is that when her husband advised du Pont in the two documents executed on August 6, 1974 that he was not specifying a beneficiary, the April 1974 proviso was activated and the company was bound to pay the survivor benefits to her. She points out that the proviso stated that "if there is no eligible survivor specified at the time of the employee's death, it

will be deemed that he has specified his spouse . . . under category 1 above." She contends that this 1974 language was "intended to clarify rights of survivors under the [P]lan and prevent any possible misconception that a failure to specify a surviving beneficiary would work a forfeiture." Plaintiff also notes that she was included as the beneficiary under the 1966 Designation, when the Plan did not contain the proviso. Thus, she argues, because the 1974 Designation form did not indicate that Garner was changing a prior designation (although the form provided, a space for that purpose), the prior designation remains in force inasmuch as the evidence fails to show whether Garner had forgotten the original designation or whether in 1974 he "intended some change away from his wife." We reject these contentions.

In our opinion, there had not been a mere failure in 1974 by Garner to designate a beneficiary, as plaintiff contends. Rather, as du Pont argues, we think Garner demonstrated at that time a positive, purposeful intention not to designate any beneficiary under the Plan and that he meant to exclude the Plaintiff from any survivor benefits.

We turn first to the Plan alone without regard to the printed forms in issue. Fairly interpreted, the Plan provided the employee with four possible choices on the subject of survivor benefits. First, he could designate his spouse and minor children; second, he could select only his minor children to the exclusion of the spouse; third, he could specify a parent or stepparent to the exclusion of his spouse and minor children; and, fourth, he could elect to provide that no person receive any survivor benefits. Moreover, the Plan stipulated that the specified survivor could be changed by the employee *at any time.* Thus, the purpose and intent of the Plan was to repose in the employee the full power to determine, according to his wishes and desires, who should enjoy survivor benefits from his pension at his death including whether anyone at all should be so benefitted.

We now look to the means by which the employee here demonstrated his choice among the four options available to him. In the first place, he affirmatively asserted by marking the third paragraph in the 1974 Designation, *supra*: "I am not specifying a survivor [under the applicable provisions of the Plan]". This was a

positive act consistent with a decision to exclude the plaintiff from benefits. At the same time on the same form, by negative action, he demonstrated the same decision. In failing to mark the first paragraph, *supra*, he declined to specify any survivor for benefits. In addition, the reverse side of the 1974 Designation, where the name of the survivor was to be placed, was left blank, again displaying an intention to exclude the plaintiff.

In the second place, the other form executed on August 6, 1974 affirmatively evidences the same intention to exclude. It was confined by the employee, in the heading thereof, *supra*, to an "Application For Pension" only, expressly eliminating its use as an application for pre-retirement *survivor* payments. Also, in that form, where the four choices were listed under the "Specified Survivor(s) (Section VI A or B)" portion, he expressly selected "None", thereby rejecting the other three options.

The plaintiff maintains, however, that the foregoing circumstances are precisely covered by the 1974 proviso, *supra*, because, in the language of the provision, "there is no eligible survivor specified at the time of the employee's death" and thus "it will be deemed that [Garner] specified his spouse . . . under category 1 above." But we think, as du Pont contends, that the proviso contemplates only an inadvertent failure to designate a choice and does not apply to a case such as this of positive action which in an assertive way indicates that no survivor shall be benefitted.

For these reasons, we conclude that the trial court correctly decided that the plaintiff was not entitled to benefits under the Plan. Accordingly, the judgment appealed from will be

*Affirmed.*